UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 6, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Angela C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-158-BAH

Dear Counsel:

On January 23, 2023, Plaintiff Angela C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECFs 8 and 14), the parties' briefs (ECFs 12 and 15), and Plaintiff's reply (ECF 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.    **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 18, 2018, and a Title XVI application for Supplemental Security Income ("SSI") benefits on December 5, 2019, alleging a disability onset of October 1, 2015[1] in both applications. Tr. 17, 200–03. Plaintiff's claims were denied initially and on reconsideration. Tr. 135–38, 142–48, 577–86, 594–99. On July 22, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–64. Following the hearing, on September 25, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14–34.

After the Appeals Council declined to review the decision, Tr. 1–8, Plaintiff appealed the decision to this Court. Tr. 90–94. The Court remanded Plaintiff's case to the SSA on March 1, 2022. Tr. 1277–82. The Appeals Council then vacated the ALJ's decision and remanded the case to the ALJ. Tr. 572–76. The ALJ held a second hearing on October 26, 2022. Tr. 548–69. Following the hearing, on November 16, 2022, the ALJ again denied Plaintiff's claims for benefits. Tr. 520–47. This decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*,

---

[1] Plaintiff later amended the alleged onset date of disability to August 30, 2017. Tr. 523.

[2] 42 U.S.C. §§ 301 et seq.

530 U.S. 103, 106–07 (2000); 20 C.F.R. §§ 404.984(d), 416.1484(d), 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 30, 2017, the amended alleged onset date." Tr. 526. At step two, the ALJ found that Plaintiff has had severe "degenerative disc disease, hypertension, other and unspecified arthropathies, reconstructive surgery of weight-bearing joints, and asthma" since the alleged onset date. *Id*. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hand dysfunction/right hand fracture" and "restless leg syndrome." Tr. 526–27. At step three, the ALJ determined that Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" since August 30, 2017. Tr. 527. Despite these impairments, the ALJ determined that, since August 30, 2017, Plaintiff has retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps and stairs, and she can never climb ladders, ropes, or scaffolds. The claimant can frequently balance, stoop, kneel, and crouch. The claimant can never crawl. The claimant can never be exposed to unprotected heights or moving mechanical parts. The claimant can have occasional exposure to chemicals and irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. The claimant is limited to occasional use of the lower extremity for right-side foot control. The claimant needs a sit/stand option that allows her to sit or stand alternately, at 30 minute[] intervals, provided that she remains on task while in either position during the work period.

Tr. 529. The ALJ determined that Plaintiff has been unable to perform past relevant work as a warehouse worker (DOT[3] #922.687-058) since August 30, 2017, but that, prior to August 14, 2022

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . .* , are [SSA] resources that list occupations existing in the economy and explain some of the physical

(the date on which Plaintiff became an "individual closely approaching advanced age"), there were jobs existing in significant numbers in the national economy which Plaintiff could have performed. Tr. 534–35. Therefore, the ALJ concluded that Plaintiff was not disabled through June 30, 2020, the date on which she was last insured.[4] Tr. 536.

### III. LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises two arguments on appeal. ECF 12, at 7–20. First, Plaintiff avers that the ALJ erred by failing to follow the "special technique" set forth at 20 C.F.R. §§ 404.1520a and 416.920a in assessing Plaintiff's alleged mental impairments at step two. *Id.* at 7–11. Second, Plaintiff contends that the RFC determination is unsupported by substantial evidence because the ALJ determined that Plaintiff could perform light work but failed to assess Plaintiff's abilities to lift or to carry. *Id.* at 12–20. Defendant counters that the ALJ was not required to perform the special technique because the ALJ did not conclude that Plaintiff had any medically determinable mental impairments. ECF 15, at 8–15. Defendant further avers that the RFC is supported by substantial evidence because, "[a]fter [a] review of the entire record, . . . the ALJ concluded that Plaintiff's statements were not fully consistent with the longitudinal record and that instead the record evidence and opinion evidence supported a limitation to only light work with additional limitations." *Id.* at 22.

---

and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[4] The ALJ also determined that Plaintiff became disabled on August 14, 2022, as there were no jobs existing in significant numbers in the national economy that Plaintiff could perform as of this date. Tr. 536.

*Angela C. v. Kijakazi*
Civil No. 23-158-BAH
October 6, 2023
Page 4

A claimant's RFC represents "the most [she] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In determining the RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [her] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). Pursuant to Social Security Ruling ("SSR") 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed at 20 C.F.R. §§ 404.1545(b) and 416.945(b), which include "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that may reduce a claimant's ability to do past work and other work. 20 C.F.R. §§ 404.1545(b), 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "Only after such a function-by-function analysis may an ALJ express RFC in terms of the exertional levels of work" of which they believe the claimant to be capable. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Monroe*, 826 F.3d at 179).

As noted in *Dowling*, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Id.* (alteration in original) (citation omitted). Thus, an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). "Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).

Here, the ALJ's assessment of Plaintiff's ability to lift was not supported by substantial evidence. The ALJ's RFC limits Plaintiff to "light work," Tr. 529, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). With specific regard to Plaintiff's lifting ability, the ALJ determined that Plaintiff's "spinal and musculoskeletal impairments, as well as asthma, . . . limit the amount of weight [that she] is able to lift," rendering her unfit for work at the medium exertional level. Tr. 533.[5] The ALJ then considered consultative examinations conducted by Drs. Higashimoto and Freilich, both of whom opined on, among other things, Plaintiff's lifting abilities. *Id.* Dr. Higashimoto opined that Plaintiff "appeared to be able to . . . lift weights" and could "lift . . . light objects." *Id.* Dr. Freilich opined that Plaintiff "could not lift more than 10 pounds due to back pain[.]" *Id.* The ALJ concluded that these opinions were "partially persuasive because, as described above, the claimant can perform light work." *Id.*

This analysis constitutes error for several reasons. First, the ALJ appears to have assessed the persuasiveness of Dr. Freilich's and Dr. Higashimoto's examinations based upon their consistency with the RFC rather than their consistency with the evidence of record. This reflects

---

[5] Plaintiff testified at the October 26, 2022 hearing that she does not "lift anything at all" due to pain. Tr. 558.

a misunderstanding of the SSA regulations governing the ALJ's evaluation of the "consistency" of a treating source's opinion. Rather than determining whether an opinion is consistent with the RFC, an ALJ must determine whether the opinion is consistent with "the evidence from other medical sources and nonmedical sources in the claim." *Adrianna S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)). The ALJ in this case contravened that regulation by determining that Dr. Freilich's and Dr. Higashimoto's examinations were consistent with the ALJ's light-work RFC designation. Tr. 533. This "suggests that [the ALJ] first determined" Plaintiff's RFC and then "weigh[ed] . . . medical opinions coinciding with [their] predetermined finding." *Snyder v. Colvin*, No. 13-CV-585, 2014 WL 3107962, at *6 (N.D.N.Y. July 8, 2014) (determining that an ALJ "put the cart before the horse" by concluding that a medical opinion was consistent with the RFC, as the RFC "is determined *after* and *in light of* credible medical evidence, not *before*.") (emphasis in original).

The ALJ further erred by failing to explain how Dr. Freilich's and Dr. Higashimoto's examinations did or did not support the ALJ's conclusion that Plaintiff could perform light work without additional limitations related to lifting. *See* Tr. 529, 533. Dr. Higashimoto opined that Plaintiff had "light" lifting abilities and Dr. Freilich expressed an even more restrictive view which limited Plaintiff to lifting 10 pounds. Tr. 533. The ALJ broadly determined that the examinations conducted by both physicians were only "partially persuasive." *Id*. But, as discussed above, the ALJ provided no justification for the weight assigned to these examinations other than the examinations' consistency with the RFC. *Id.* Further, the ALJ did not identify the specific aspects of either examination which were determined to lack persuasive value. As such, the Court is unable to determine whether the ALJ found either examination persuasive or unpersuasive with specific regard to the lifting-related opinions expressed therein. Because this inadequacy "frustrate[s] meaningful review" of the ALJ's decision, remand is warranted. *Mascio*, 780 F.3d at 636.

The ALJ's error was not harmless because an ALJ is required to "accept those limitations [that] he or she finds credible" or otherwise explain why the limitations were omitted from the RFC. *Marshall v. Comm'r of Soc. Sec.*, No. 3:14-CV-465, 2015 WL 7273113, at *6 (S.D. Ohio Nov. 17, 2015) (collecting cases), *report and recommendation adopted*, No. 3:14-CV-465, 2015 WL 8682785 (S.D. Ohio Dec. 11, 2015). Here, the ALJ failed to clarify whether Dr. Freilich's opinion that Plaintiff could lift only 10 pounds was persuasive. Tr. 533. Relevant to that oversight, SSA regulations define "sedentary work" as "involv[ing] lifting no more than 10 pounds at a time[.]" 20 C.F.R. §§ 404.1567(a), 416.967(a). Therefore, if the ALJ *did* find Dr. Freilich's opinion persuasive, then the ALJ was required to either: (1) explain why no corresponding RFC limitation was necessary; or (2) limit Plaintiff to sedentary work instead of light work. *See Marshall*, 2015 WL 7273113, at *6. Because a limitation to sedentary work may have altered the ultimate disability determination in this case, remand is necessary.

As this case is being remanded on other grounds, I need not address Plaintiff's argument regarding the ALJ's failure to apply the special technique. On remand, the ALJ is welcome to consider that argument and make any required adjustments to the opinion.

*Angela C. v. Kijakazi*
Civil No. 23-158-BAH
October 6, 2023
Page 6

## V. CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge